UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTELA HUBERT MCDONALD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-2691-B |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE FOR THE | § | |
| CERTIFICATE HOLDERS OF THE | § | |
| MORGAN STANLEY ABS CAPITAL 1 | § | |
| INC. TRUST PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2005-HE2, | § | |
| BANK OF AMERICA, NA and | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Estela McDonald's ("McDonald") Motion to Remand, filed November 7, 2011 (doc. 5). For the reasons listed below, McDonald's Motion to Remand is **DENIED**.

I.

BACKGROUND

McDonald states that she is the owner of real property located at 1504 Vida Court, Dallas County, Texas ("the Property"). Compl.[1] ¶ 10. On Or about September 23, 2004, Plaintiff purchased the property and executed a note payable to Accredited Home Lenders, Inc. ("AHL"). *Id.* ¶ 12.

---

[1] The Court refers to McDonald's "Original Petition and Application for Temporary Restrianing Order and Request for Disclosure," filed in state court and now removed to this Court, as the "Complaint."

Beginning in February 2010, McDonald began to apply for a loan modification program with Bank of America ("BOA") and BAC Home Loans Servicing ("BAC"). *Id.* at ¶ 13. For approximately the next twelve months, McDonald was continually asked to send in documents in order to complete her application for a loan modification, which she hoped would reduce her monthly payments. *Id.* ¶¶ 13-17. During this time, McDonald was informed that she would not lose her home while her application for a loan modification was pending *Id.* ¶ 16. Although McDonald timely paid her monthly payments, she received a letter dated February 28, 2011, notifying her that she was in default and that the Property would be foreclosed if she did not pay $4,255.43 by March 30, 2011. *Id.* ¶ 18. During this time, McDonald continued to speak with BAC customer representatives, who instructed her to re-submit loan modification documents. *Id.* ¶ 22. Defendants finally posted McDonald's property for foreclosure on October 4, 2011. *Id.* ¶ 23.

McDonald filed this lawsuit against Defendants on September 29, 2011, in Dallas County, Texas. Notice of Removal ¶ 8. Defendants subsequently removed the suit to this Court, claiming that the parties were diverse and that the amount in controversy exceeded $75,000. *Id.* ¶¶ 2-8. In response, McDonald filed a Motion to Remand, arguing that the Defendants had failed to establish that the amount in controversy met the jurisdictional requirement under 28 U.S.C. § 1332. Defendants, in turn, argue that because the fair market value of the Property exceeds $75,000, removal was proper.

## II.

## LEGAL STANDARD

When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *See Howery v. Allstate Ins.*

*Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, the party invoking federal jurisdiction bears the burden of establishing it exists. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Federal District Courts are granted jurisdiction over those civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In determining if the requisite amount in controversy has been met, any sum certain the plaintiff has alleged in good faith shall control. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the plaintiff's complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence the amount in controversy exceeds the jurisdictional requirement. *Id.* The district court must first look to the complaint and determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the amount is not facially apparent, the court may also consider "summary judgment-type" evidence. *Id.* In making its assessment, the court should consider the state court complaint as it existed at the time of removal. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## III.

## ANALYSIS

The parties do not dispute that Defendants have met the diversity of parties requirement for removal. They part ways, however, on whether Defendants have met their burden of showing that the amount in controversy exceeds $75,000. McDonald's complaint does not state the amount in controversy, though Defendants' attachments to its Notice of Removal show that the market value

of the Property for 2010, as determined by the Dallas Central Appraisal District, was $84,000. Notice of Removal Ex. B. McDonald does not dispute the validity of these figures. Instead, McDonald argues that the Defendants have failed to meet their burden in demonstrating that the amount in controversy exceeds $75,000 because the Complaint neither states an amount of damages nor contests the validity of the note or deed of trust. Mot. Remand ¶¶ 8-9. Rather, the Complaint alleges that Defendants have failed to comply with these documents, and as a result, the damages in question cannot equal the value of the property. *Id.* ¶ 9. McDonald relies heavily on the proposition that because she merely seeks to delay foreclosure until the merits of the lawsuit have been settled, the amount in controversy is not equal to the value of the property, but to the "value to the Plaintiff of postponing the foreclosure sale until it is determined if Defendants have the right to foreclose." Pl.'s Reply 2.

      McDonald's complaint, however, makes several claims that put title to her property at issue. First, McDonald seeks a declaratory judgement pursuant to Chapter 37 of the Texas Civil Remedies Code that Defendants have violated § 51.002(d) of the Texas Property Code and that any attempt at a foreclosure should be enjoined. Compl. ¶ 55. McDonald's further seeks a temporary restraining order to enjoin a "wrongful foreclosure." *Id.* ¶ 59. Finally, McDonald requests that any temporary injunction be made permanent. *Id.* ¶ 62. Where the plaintiff seeks declaratory judgment or injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). If the Court grants McDonald's request for a temporary restraining order and permanent injunction,

Defendants would be unable to foreclose on the property. Given that McDonald seeks to enjoin sale of her land, the Property is properly understood as the object of litigation. *See Martinez v. BAC Home Loans Servicing, L.P.*, 777 F.Supp.2d 1039, 1047 (W.D. Tex. 2010). Thus, McDonald's request for an injunction calls into question the right to the property in its entirety and the amount in controversy is equal to the value of the property. *See generally Hayward v. Chase Home Finance, LLC*, 2011 WL 2881298, *4-5 (N.D. Tex. July 18, 2011) (and cases cited therein). As the parties do not dispute that the value of the property exceeds $75,000, and Defendants' have offered unconverted evidence to this effect, the Defendants have proven by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount. Accordingly, this Court has diversity jurisdiction over the action and McDonald's Motion for Remand is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated above, removal was proper and McDonald's Motion to Remand is **DENIED**.

**SO ORDERED.**

**SIGNED: December 20, 2011.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE